NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4360
_____

UNITED STATES OF AMERICA

v.

SHANNON R. HAMILTON,
                          Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 10-cr-00038)
District Judge:  Hon. Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2011

Before:   CHAGARES, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed June 28, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Shannon R. Hamilton appeals the judgment of the United States District Court for

the Middle District of Pennsylvania sentencing him to 151 months' imprisonment, three

years' supervised release, and assessments and restitution of $14,224 for committing

bank robbery in violation of 18 U.S.C. § 2113(a).  His attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's judgment.

## I.     Background

Between December 9, 2009, and January 6, 2010, Hamilton committed five bank robberies.  He was arrested in January 2010 and, after waiving his *Miranda* rights, admitted to the crimes.  He was initially indicted on four counts of bank robbery, and then, in June 2010, he was charged with all five in a Superseding Information.

During plea negotiations with the government, Hamilton became disappointed with his counsel.  He insisted on a 120-month sentence, which his counsel proposed to the government.  The government rejected the proposal and agreed only to recommend a sentence for Hamilton at the bottom of the Guidelines range, which was correctly anticipated to be 151 to 188 months' imprisonment.  Hamilton filed a Motion for Termination of Counsel because he felt his counsel was working against him.

The District Court addressed that motion at a plea hearing in June 2010, during which Hamilton's counsel explained his efforts and interactions with the government.  The Court denied the motion, explaining to Hamilton that "what's transpired between you and your counsel is what transpires between defendants and their counsel when there's a plea agreement offered.  You can't always get what you want. … I can tell that [your attorney] is experienced."  (App. at 43.)  Ultimately, Hamilton stated that he wanted to "[s]ign the plea now and get sentenced" so he could "go about [his] business."

2

(App. at 46.) Hamilton answered all of the Court's questions indicating that he understood and agreed to the terms of the offered plea agreement, which recommended his sentence be 151 months, and also agreed that the Court's recitation of the facts concerning the robberies was accurate. After the required colloquy, the Court accepted Hamilton's guilty plea.

The Probation Office prepared a Presentence Investigation Report ("PSR") which recommended that Hamilton be sentenced as a career offender. The PSR calculated a Guidelines sentencing range of 151 to 181 months' imprisonment based on a total offense level of 29 and criminal history category VI. Hamilton objected to his career offender designation and to being assessed two criminal history points for matters in which he had not been represented by counsel.

At his sentencing hearing, Hamilton withdrew the career offender objection, and the District Court sustained the objection to the assessment of two criminal history points. Recognizing that the two-point assessment did not affect the Guidelines calculation because Hamilton was a career offender, the Court imposed a sentence of 151 months' imprisonment. The Court also sentenced Hamilton to three years' supervised release and imposed assessments and restitution totaling $14,224. Hamilton filed a timely notice of appeal, and his counsel has moved to withdraw. Pursuant to *Anders*, and as required by Local Appellate Rule 109.2, counsel has filed a brief in support of that motion. Hamilton has not filed a brief in opposition.

## II.    Discussion[1]

Under *Anders*, counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We exercise plenary review to determine whether there are any such issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) ("[T]he appellate court … must … itself … decide whether the case is wholly frivolous." (internal quotation marks and citation omitted)). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

We implement *Anders* through our Local Appellate Rule ("L.A.R.") 109.2(a), which provides, in relevant part, as follows:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a) (2010). We ask two principal questions when *Anders* is invoked: whether defense counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a), and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

4

With respect to the first question, the fulfillment of the requirements of L.A.R. 109.2(a) often turns, as it does here, on the adequacy of counsel's supporting brief. To be adequate under L.A.R. 109.2(a), an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Youla*, 241 F.3d at 300; (2) identify issues that might arguably support appeal, *see Smith v. Robbins*, 528 U.S. 259, 285 (2000); and (3) "explain why th[ose] issues are frivolous[,]" *Marvin*, 211 F.3d at 780. "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record. *Youla*, 241 F.3d at 300.

With respect to the second question, we review the record to determine whether the appeal "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10 (1988). When the *Anders* brief is adequate, we confine our review to portions of the record implicated by the *Anders* brief. *Youla*, 241 F.3d at 301. When the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id*. Regardless of the adequacy of the *Anders* brief, we may affirm the District Court without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

In his *Anders* brief, Hamilton's counsel identifies four potential issues for appeal, and describes why each is frivolous. Counsel explains that: (1) the District Court had

jurisdiction to sentence Hamilton under 18 U.S.C. § 3231; (2) Hamilton's guilty plea was knowing and voluntary; (3) the sentence was reasonable and legal; (4) and there was no valid basis to argue that the District Court abused its discretion by refusing to appoint new counsel.

The *Anders* brief is adequate in identifying the potential issues and explaining why they are frivolous. Our independent review of the record confirms counsel's assessment that there are no non-frivolous issues for appeal. The District Court had jurisdiction to sentence Hamilton; the District Court properly questioned Hamilton to ensure the plea was knowing and voluntary; the District Court accepted a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which was reasonable; and the District Court did not abuse its discretion by refusing to appoint new counsel because there was no evidence that counsel was not adequately representing Hamilton.

## III.    Conclusion

For the foregoing reasons, we will grant the motion to withdraw and affirm the judgment of conviction.